Lee Moore, Appellant, v. Bluth Crawford et al., Appellees.

No. 40245.

June 23, 1930.

*Charles R. Metcalfe,* for appellant.

*Fribourg & Slotsky,* for C. C. White and Sarah A. White, appellees.

· KINDIG, J.—The single question involved in this case is whether a debt due plaintiff and appellant for laundry machinery is a lien upon certain real estate in Sioux City, as against the title to the realty held by the defendants-appellees C. C. White and Sarah A. White. A statement of the facts will more clearly reveal the legal point involved. On May 15, 1920, the appellant sold and delivered to the defendants and appellees Bluth Crawford and Alice Crawford "a certain laundry outfit, together with the boiler, extractor, dryer, wringers, and all other machinery, fixtures, and appliances thereunto belonging." For the aforesaid property, the Crawfords agreed to pay appellant $800, of which sum $20 was paid in cash, and the balance thereof was to become due in the future, according to the terms of a promissory note for $780, executed by the Crawfords and payable to the appellant. This note was secured by a real estate mortgage executed by the Crawfords upon Lots 18, 19, and 20, in Block 2 of Normandy, an addition to Sioux City. After the mortgage was signed and acknowledged by the Crawfords, they delivered the same, together with the said note, to the appellant, and on May 20, 1920, he duly recorded the mortgage with the county recorder; whereupon that official properly indexed the mortgage, as by law required. From that time forward, the note and mortgage were held and owned by the appellant, Lee Moore, subject to the court proceeding hereinafter explained.

It seems that Bluth Crawford and Alice Crawford thereafter, on October 6, 1920, commenced an action in the Woodbury County district court against the appellant, as defendant, to rescind and set aside the foregoing sale of the laundry machinery and equipment, on the theory that the appellant, as vendor, had not performed his agreement "to set up said laundry and show" the Crawfords how to operate the same. As a result of that litigation, the Woodbury County district court entered a judgment and decree on March 17, 1921, wherein it was adjudicated: First, that the aforesaid note and mortgage were canceled and held to be null and void, and Lee Moore, the defendant in that suit, was

required to return the note and mortgage to the Crawfords and satisfy such security contract of record, "upon the restoration to him of the certain laundry machinery involved;" and, second, that the Crawfords were required immediately to return said laundry machinery to the appellant.

Furthermore, the district court, upon that occasion, decreed that, in the event the appellant, as defendant in that suit, did not release the mortgage, as required, then the clerk of said court was authorized, as commissioner, to make satisfaction of record. Although the Crawfords, as plaintiffs in the foregoing suit, asked to have the sale of the laundry machinery rescinded, in order that they might obtain again the note and mortgage given therefor, upon the return to the appellant of said machinery, yet, after the judgment and decree aforesaid, the Crawfords entirely failed and refused to redeliver such machinery to the appellant. In fact, the Crawfords never have returned the laundry property to the appellant, nor have they paid appellant therefor anything except $20 at the time the sale was first consummated. Not having received the laundry property from the Crawfords according to the judgment and decree of the district court in the rescission proceedings, the appellant retained the note and mortgage, and did not satisfy the latter of record. Subsequent to the said judgment and decree, the Crawfords not only retained the laundry property, but also used and operated the same, and continued so doing until they had worn out the machinery.

During the interim, W. H. Henderson, then deputy clerk of the district court, on November 28, 1922, for some reason unexplained, made the following record in the recorder's office on the margin of the page where the aforesaid mortgage was recorded:

"Within mortgage and certain note which it secures held to be null and void and canceled by virtue of a certain decree of the district court of Woodbury County, Iowa, duly entered under date of March 17th, 1921, Cause No. 40752 Equity, by the provisions of such decree said note and mortgage is hereby canceled, released and discharged of record."

At that time, the appellant had in his own possession the note and the mortgage thus attempted to be satisfied and discharged. Thereafter, however, on December 6, 1922, the Craw-

fords, by warranty deed, conveyed the real estate named in the mortgage to the appellees C. C. and Sarah A. White, who immediately took possession of the premises. The Crawfords, after thus disposing of their real estate, stored the worn-out and remnant laundry machinery with the Dougherty & Bryant Storage Company, of Sioux City, where it is still retained, with the exception of a motor and some broken pieces delivered by the Storage Company to the appellant. Appellant credited the Crawfords with $100 on the note secured by the mortgage for the property thus delivered by the Storage Company. None of the remaining consideration for the laundry property, however, has been paid by the Crawfords or anyone else, and the appellant still holds the notes and the mortgage as security for all the remaining amount thus due. There is a very heavy storage charge now against the property held by the storage company, and the Crawfords have apparently abandoned the laundry machinery thus placed in storage. This property was placed in storage by the Crawfords in their own name, and at no time in any way was it turned over to the appellant. Later, the Crawfords left Sioux City, without returning the property to appellant.

So, on November 26, 1928, the appellant commenced this action: First, to set aside the release of said mortgage made by the clerk of the district court in the manner and way aforesaid; and second, to foreclose the same against the real estate and obtain personal judgment against the Crawfords for the amount due. Upon hearing the cause, the district court gave the plaintiff judgment against the Crawfords, but denied him redress against the real estate which was held by C. C. and Sarah A. White. Hence, as before suggested, the litigation involves a single point of controversy: namely, whether the appellant has a right to foreclose his mortgage on the real estate named therein, for the purpose of satisfying the obligation evidenced by the note.

Claim is now made by the appellees, Whites, that they were innocent purchasers of the real estate, paying therefor a cash consideration of $600, and that they at no time until immediately before the present action was commenced, knew anything of appellant's interest in the lots. Moreover, the Whites assert that they procured an abstract for the property, showing the court

proceedings in the rescission suit, together with the release of the mortgage by the deputy clerk. An examination was made for them by an abstracter, who pronounced the title clear. Consequently, it is argued by these appellees that, they being innocent purchasers without notice, the appellant cannot enforce his mortgage against their interests. Manifestly, however, appellant was also without blame in the matter, and nothing was done by him to mislead appellees when they purchased the real estate from the Crawfords. Said judgment and decree in the rescission proceeding aforesaid fully protected the appellant. That proceeding was instituted by and for the Crawfords. They desired the rescission, and wanted to return the laundry machinery and obtain in that event the cancellation of the note and mortgage now in question. Resultantly the district court in that case, as before said, in effect decreed that the cancellation of the note and mortgage was contingent upon the return of the laundry machinery. Any other judgment and decree would have been unfair to the appellant; because, with the absence of such protection, the Crawfords would have had the laundry machinery, while the appellant, who had sold the same to them, would have been without his consideration therefor, or the note and mortgage evidencing the same. Then, to avoid that catastrophe, the district court in the judgment and decree made the cancellation of the note and mortgage, as well as the written satisfaction thereof, subject to the Crawfords' returning to the appellant, the vendor, the laundry machinery previously bought, and at that time in their possession.

Protection and security, then, during the completion of the rescission, were the note and mortgage still retained by him. Duty to release the mortgage did not arise until the appellant had received from the Crawfords the laundry machinery, in accordance with the judgment and decree rescinding the sale transaction aforesaid. Until such duty thus arose, it was not incumbent upon appellant to release the mortgage. Default in that respect did not arise until the duty was imposed. The commissioner had no power to act until the appellant was in default, for the commissioner was to release the mortgage only in the event of the appellant's failure to do so. "Failure" on appellant's part, contemplated in the judgment and decree, which would give rise to authority in the clerk, as commissioner, means

failure to act in such regard after the Crawfords had returned the laundry machinery. Rescission authorized by the judgment and decree never was consummated, because the Crawfords did not perform the condition precedent. Without such performance on the part of the Crawfords, appellant's note and mortgage never in fact were canceled or rendered null and void. Rather, these instruments at all times were in full force and effect, and were to remain such until the Crawfords returned the machinery, according to the judgment and decree. To put the thought differently, appellant had a good and valid note and mortgage, which became void and unenforcible only in the event the Crawfords complied with the decree granting the rescission, and returned the laundry property to the vendor. Anything less would have been unjust to the appellant.

When the deputy clerk, therefore (assuming, without deciding, that he could act in the place of the clerk), attempted to satisfy the mortgage of record, he did so without authority. His power to make the release depended upon a condition precedent which never had been performed. Therefore, the attempted release was a mere nullity. With that condition of the record, the purported release should have been set aside, and the mortgage foreclosed, unless the appellees Whites, under the circumstances, have superior equities in the real estate. See *Cherry v. Welsher,* 195 Iowa 640. Record of the judgment and decree granting the rescission was fully and completely made, and appeared on the abstract of the appellees Whites. Thus, the Whites, at the time they purchased the real estate, had constructive notice thereof through the record, and actual notice by means of the abstract. Before them on that occasion was the judgment and decree of the district court in the rescission matter, containing the condition that the mortgage should be released when the laundry machinery was returned to appellant by the Crawfords. Likewise, that judgment made it plain that the appellant was under no obligation to release the mortgage until the laundry property was thus returned to him. Also, it was apparent that the note and mortgage remained in full force and effect until the condition was performed, and said property reconveyed to the appellant. Too, it was clearly written in the judgment and decree that the clerk, as commissioner, had no authority to act until the appellant failed so to do, after the Crawfords returned to him

the laundry machinery. There was nothing in the record made by the deputy clerk, when releasing the mortgage, or anywhere else, to indicate that the property had been thus returned. Apparently the deputy clerk overlooked that feature of the judgment and decree in the rescission case, as shown by the record, which was before the Whites when they purchased the lots. Under those circumstances, they bought at their peril.

Appellant is guilty of no laches, because he commenced his action in proper time after the note became due. Until then, he had a right to be inactive, and rely upon his note and mortgage. No affirmative duty to further protect the record was incumbent upon him, under the circumstances. The Whites obtained title before appellant knew of their intention so to do, and, in fact, the latter did not learn of the transfer to the former until a long time after the date thereof. He had a right to, and did, rely upon the condition contained in the judgment and decree in the rescission action, and the record thereof was notice to the Whites that appellant's note and mortgage were not invalid unless the laundry property was returned, according to the decree.

Appellees argue that the foreclosure should be denied appellant on the doctrine that, where one of two innocent persons must suffer, the one making the loss possible should bear the same. Obviously, that principle does not apply here, for the reason that appellant did not make it possible for anyone to lose. Release of the mortgage was involuntary, so far as appellant was concerned. Satisfaction of the mortgage by the clerk, as commissioner, was antagonistic to appellant, and made without his authorization, knowledge, or consent. So it is seen that the theory advocated by the appellees is inapplicable, under the facts here presented. Neither does a bar appear, as claimed by appellees, because of the statute of limitations, under the facts and circumstances here revealed.

Wherefore, the appellees Whites having taken the property with notice, as aforesaid, under the judgment and decree in the rescission proceedings, the satisfaction of the mortgage made by the deputy clerk should have been set aside, and the mortgage foreclosed on the real estate named therein, to satisfy the balance due on appellant's note, after making due credit for the ma-

chinery received by him through the Dougherty & Bryant Storage Company, as before explained.

Because this relief in foreclosure was denied the appellant, the judgment and decree of the district court, to that extent, is reversed; otherwise it is affirmed.—*Affirmed in part; reversed in part.*

MORLING, C. J., and EVANS, DE GRAFF, WAGNER, and GRIMM, JJ., concur.